IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| STACEY JONES | : | CIVIL ACTION |
| --- | --- | --- |
| v. | : | No. 10-1748 |
| MICHAEL J. ASTRUE | : | |

**ORDER**

AND NOW, this 2nd day of May, 2011, upon consideration of Plaintiff Stacey Jones's Request for Review and the Response of Defendant Michael J. Astrue (the Commissioner) thereto, and after careful review of the Report and Recommendation of United States Magistrate Judge Timothy R. Rice, Jones's objection thereto, and the Commissioner's response to the objection,[1] it

---

[1] Jones seeks review of the Administrative Law Judge's (ALJ) decision denying her application for supplemental security income benefits on behalf of her adoptive son, M.B. In his Report and Recommendation (R&R), the Magistrate Judge concluded remand was warranted pursuant to 42 U.S.C. § 405(g) for two reasons: (1) because the ALJ failed to develop the record by obtaining a consultative examination of M.B., and (2) to permit the Commissioner to consider new and material post-hearing evidence offered by Jones, whose failure to present the evidence to the ALJ was justified by good cause. Neither party objects to the substance of the R&R or to the Magistrate Judge's conclusion that remand is warranted on both of these bases. Rather, Jones objects to the R&R only insofar as it fails to specify under which sentence of § 405(g) the case should be remanded. Jones urges this Court to issue a dual basis remand pursuant to both sentence four and sentence six of § 405(g) or, alternatively, to remand the case pursuant to sentence six only. The Commissioner recommends, in the interest of judicial economy, the Court should instead remand the matter pursuant to sentence four and instruct the ALJ to consider Jones's new evidence on remand.

The fourth sentence of § 405(g) authorizes a district court to enter "a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." The sixth sentence of § 405(g) authorizes a district court to remand a case for "additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." The basis for remand affects the time frame in which a prevailing plaintiff may seek attorneys' fees under the Equal Access to Justice Act (EAJA) and the scope of the fees available. In a case remanded pursuant to sentence four, the district court must enter a judgment at the time of remand, and the plaintiff may seek an award of EAJA fees within "30 days after the time for appeal [of such judgment] has ended." *Shalala v. Schaefer*, 509 U.S. 292, 297, 302 (1993). In a case remanded pursuant to sentence six, in contrast, the district court does not enter a judgment but retains jurisdiction during the remand

is ORDERED:

1. The Report and Recommendation is APPROVED and ADOPTED;

2. Plaintiff's Request for Review is GRANTED;

3. This matter is REMANDED to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with the Report and Recommendation; and

4. This matter is also REMANDED to the Commissioner pursuant to sentence six of

---

until the Commissioner "return[s] to the district court to 'file with the court any such additional or modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming was based.'" *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991) (quoting 42 U.S.C. § 405(g)). In such a case, the period for filing an EAJA fee application does not begin until the appeal period runs after entry of final judgment following remand, *id.* at 102, and the plaintiff may thus collect EAJA fees for work done at the administrative level on remand, *id.* at 97.

In this case, the Magistrate Judge concluded remand was warranted both on sentence four grounds (the ALJ's failure to develop the record) and on sentence six grounds (the post-hearing evidence offered by Jones)—a conclusion to which neither party objects. In *Jackson v. Chater*, 99 F.3d 1086, 1098 (11th Cir. 1996), the Eleventh Circuit held that where both sentence four and sentence six grounds for remand exist, a district court may remand the case on both grounds. In the event of such a dual basis remand, the district court must still enter a judgment remanding the case, but such "entry of judgment does not end the jurisdiction of the district court, so long as a sentence-six ground for remand is included in the remand order." *Id.* at 1097. If the plaintiff "thereafter succeeds on remand in part due to the sentence-six ground, the [plaintiff] may return to district court to request entry of judgment after remand proceedings have been completed." *Id.* at 1098. Following *Jackson*, district courts in numerous other jurisdictions have issued dual basis remands in cases in which both sentence four and sentence six grounds for remand were present. *See Urash v. Astrue*, No. 07-180, 2009 WL 875064, at *4 (E.D.N.C. Mar. 24, 2009); *Bradley v. Barnhart*, 463 F. Supp. 2d 577, 583 (S.D. W. Va. 2006); *Frazer v. Comm'r of Soc. Sec.*, 277 F. Supp. 2d 714, 717 (E.D. Mich. 2003); *Felver v. Barnhart*, 243 F. Supp. 2d 895, 908 (N.D. Ind. 2003). *But see Huber v. Comm'r of Soc. Sec.*, No. 07-14588, 2009 WL 111738, at *11-12 (E.D. Mich. Jan. 15, 2009) (noting that Sixth Circuit precedent does not "preclude a dual basis remand in an appropriate case," but instead remanding only under sentence four and directing the Secretary to consider the additional evidence which would have supported a sentence six remand).

Because the parties do not dispute remand is justified pursuant to both sentence four and sentence six of § 405(g) in this case, this Court will follow *Jackson* and enter a dual basis remand.

42 U.S.C. § 405(g) to permit the Commissioner to consider the post-hearing evidence presented by Jones.

The Clerk of Court shall mark this case as CLOSED.

                              BY THE COURT:


                              /s/ Juan R. Sánchez
                              Juan R. Sánchez, J.